### In the Matter of Sonya A. MORRIS.

### No. 45S00–0402–DI–54.

Supreme Court of Indiana.

March 18, 2004.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind.Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** The respondent was hired to pursue collection matters on behalf of a client for one-third of amounts recovered. A dispute arose between the respondent and the client over an unrelated matter. The respondent then advised her client that she "would be withdrawing" as his attorney in the collection cases within 10 days.

About a month later, the client informed the respondent of the name of his new lawyer and asked that she forward the approximately 170 collection files she maintained on his behalf to the new lawyer, along with a status report on the active cases. The respondent failed to turn over the files and continued to receive payments from debtors on the cases. Upon receiving payments, she would deduct her fee and forward the balance to the new attorney. In several cases, she waited a year or more before forwarding the funds to her former client. When the former client attempted to speak with the respondent about the situation, she refused to talk to him, stating that she was no longer his lawyer.

**Violations:** The respondent violated Ind.Professional Conduct Rule 1.15(b), which requires a lawyer to promptly notify a client or third party of funds in which the client or third party has an interest, and promptly to deliver to the client or third party funds which they are entitled to receive; Prof.Cond.R. 1.16(a), which requires a lawyer to withdraw from representation if the lawyer is discharged; and Prof.Cond.R. 1.16(d), which requires a lawyer, upon termination of representation, to take steps to the extent reasonably practicable to protect a client's interests, including surrendering papers and other property to which the client is entitled.

**Discipline:** Public reprimand.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline, noting, however, that had this case been litigated, this Court would have imposed a more severe sanction. Costs of this proceeding are assessed against the respondent. The Clerk is directed to provide notice of this order to the hearing officer and all parties as directed by Admis.Disc.R. 23(3)(d).

All Justices concur.